IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv67
(3:04cr248)

| | | |
|---|---|---|
| DION MONTREAL COXTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER and NOTICE |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court upon Respondent's Motion To Dismiss pursuant to

Rule 12(b)(6), Federal Rules of Civil Procedure. (Doc. No. 8). In accordance with <u>Roseboro v.</u>

<u>Garrison</u>, 528 F.2d 309 (4th Cir. 1975), the Court advises Petitioner, who is proceeding <u>pro se</u> of

his obligation to respond to Respondent's Motion.

When a motion to dismiss is filed simultaneously with an answer, the motion should be

construed as one for a judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil

Procedure. <u>Walker v. Kelly</u>, 589 F.3d 127, 139 (4th Cir. 2009).[1] Nonetheless, a motion for a

judgment on the pleadings is decided using the same standard as a motion to dismiss for failure

to state a claim upon which relief can be granted made pursuant to Rule 12(b)(6). <u>Id.</u> at 139.

In responding to a motion for judgment on the pleadings, Petitioner must show that he

has made sufficient allegations to support a cause of action which is recognized by law.

Petitioner's "[f]actual allegations must be enough to raise a right to relief above the speculative

level." <u>Bell Atl. Corp. v. Twombley</u>, 550 U.S. 544, 555 (2007). In the context of a § 2255

---

[1] Rule 12(c), Federal Rules of Civil Procedure, provides that "after the pleadings are closed – but early
enough not to delay trial – a party may move for a judgment on the pleadings."

proceeding, the factual allegations must be sufficient to allow the court to draw the reasonable inference that Petitioner is in custody under a judgment that is subject to collateral attack on one or more of the grounds set forth in the Rules Governing Section 2255 Proceedings, Rule 1, 28 U.S.C.A. foll. § 2255. In considering Petitioner's Motion to Vacate, the court "'need not accept [his] legal conclusions drawn from the facts,' nor need it "'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" Philips v. Pitt County Memorial Hospital, 572 F.3d 176, 179-80 (4th Cir.2009) (quoting Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir. 2006).

Petitioner is further advised that the Court may take judicial notice of matters of public record, and may consider documents attached to the Motion to Vacate as well as those attached to the de facto motion for judgment on the pleadings, so long as those documents "are integral to the complaint and authentic.". Philips, supra, at 180 (citing Blankenship v. Manchin. 471 F.3d 523, 526 n. 1 (4th Cir. 2006). Petitioner is further advised, however, that if he chooses to file documents, affidavits, or declarations in opposition to Respondent's motion for judgment on the pleadings, such action may result in the conversion of the motion for judgment on the pleadings to a motion for summary judgment under the Federal Rules of Civil Procedure, Rule 56. Fed. R. Civ. P. 12(d).

**IT IS, THEREFORE, ORDERED** that Petitioner has thirty (30) days from the entry of this Order to file his response to the motion for judgment on the pleadings. Petitioner's failure to respond may result in granting a judgment on the pleadings for Respondent, that is, in the dismissal of the Motion to Vacate with prejudice.

The Clerk is directed to send copies of this Order and Notice to the parties, including Dion Montreal Coxton, Reg. No. 20149-058, Lee United States Penitentiary, Inmate Mail, P.O.

Box 305, Jonesville, VA 24263.

Signed: December 8, 2010

Robert J. Conrad, Jr.
Chief United States District Judge