# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:10-cv-67-RJC
# (3:04-cr-248-RJC)

| | |
|---|---|
| DION MONTREAL COXTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** is before the Court on Respondent's Motion to Dismiss Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed pursuant to 28 U.S.C. § 2255. Respondent's Motion is filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 8). In accordance with Roseboro v.Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advised Petitioner, who is proceeding pro se, of his obligation to respond to Respondent's Motion. (Doc. No. 9). Petitioner filed a response to Respondent's Motion to Dismiss and this matter is now ready for resolution. (Doc. No. 12).

## I.  BACKGROUND

On September 27, 2004, Petitioner was charged in an indictment by the Grand Jury sitting for the Western District of North Carolina. (Case No. 3:04-cr-248, Doc. No. 1: Indictment). Count One of the indictment charged Petitioner with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Count Two of the indictment charged Petitioner with possession of cocaine, crack cocaine, and marijuana with intent to distribute, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. Count Three charged Petitioner with carrying a firearm in

1

furtherance and in relation to the drug trafficking alleged in Count Two, in violation of 18 U.S.C. § 924(c). Petitioner was appointed counsel and entered a plea of not guilty. (Case No. 3:04-cr-248, Doc. No. 9).

On February 2, 2006, Petitioner's trial counsel filed a motion for a psychiatric or psychological evaluation to determine whether Petitioner understood the nature and consequences of the criminal proceedings then pending against him. Petitioner's counsel stated that, based on numerous conversations with Petitioner and following a review of his criminal history, Petitioner appeared to be mentally retarded. (Case No. 3:04-cr-248, Doc. No. 30 at 1-2). On February 3, 2006, the Court entered an Order denying Petitioner's motion after noting that counsel had been appointed to represent Petitioner on October 26, 2004, (Case No. 3:04-cr-248, Doc. No. 6), and Petitioner's trial counsel had moved for six continuances of Petitioner's trial, yet he had never raised the issue of Petitioner's competency. The Court concluded that Petitioner's counsel had failed to allege sufficient grounds under 18 U.S.C. § 4241(a) and therefore denied the motion. (Case No. 3:04-cr-248, Doc. No. 31).

On February 10, 2006, Petitioner's trial counsel filed a motion to suppress contending that certain statements made by Petitioner to law enforcement should be suppressed because Petitioner's rights as protected by Miranda v. Arizona, 384 U.S. 436 (1966), were violated during custodial interrogations on March 11 and 12, 2004. (Case No. 3:04-cr-248, Doc. No. 36). The motion to suppress came on for hearing on February 10, 2006, and the Court received evidence through the testimony of the arresting officers and from Petitioner. After considering the evidence of record and the arguments of counsel, the Court denied Petitioner's motion to suppress finding that Petitioner was properly advised of his Miranda rights prior to each of the challenged statements. (Case No. 3:04-cr-248, Doc. No. 40: Order Denying Motion to Suppress).

On February 13, 2006, Petitioner's case came on for trial before the undersigned. On February 14th, the jury returned a verdict finding Petitioner guilty of all counts in the indictment. On November 28, 2007, Petitioner appeared with counsel for his sentencing hearing, and was sentenced to an active term of imprisonment of ninety (90) months for conviction of Counts One and Two of the indictment, and sixty (60) months for conviction of Count Three to be served consecutively to the sentence for Counts One and Two. (Case No. 3:04-cr-248, Doc. No. 63: Judgment in a Criminal Case at 2).

Petitioner noted a timely appeal to the United States Court of Appeal for the Fourth Circuit. In a per curiam Opinion, the Court affirmed Petitioner's conviction and sentence in all respects. On appeal, Petitioner's appellate counsel filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), contending there were no meritorious issues for appeal. In the <u>Anders</u> brief, counsel argued that the district court erred in denying Petitioner's motion to suppress statements because the statements were made in violation of Petitioner's <u>Miranda</u> rights. The Court upheld the district court's legal conclusion that Petitioner "voluntarily, intelligently, and knowingly waived his rights prior to making a statement" on March 11 and 12. <u>United States v. Coxton</u>, 314 F. App'x 550, 551 (4th Cir. 2008) (unpublished). The Court also considered Petitioner's <u>pro se</u> brief and concluded that the claims raised therein lacked merit. This present Section 2255 motion followed.

## II.    LEGAL STANDARD

### A.    Motion to Dismiss

In order to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, Petitioner's "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atl. Corp. v. Twombley</u>, 550 U.S. 544, 555 (2007). In the

context of a § 2255 proceeding, the factual allegations must be sufficient to allow the court to draw the reasonable inference that Petitioner is in custody under a judgment that is subject to collateral attack on one or more of the grounds set forth in the Rules Governing Section 2255 Proceedings, Rule 1, 28 U.S.C.A. foll. § 2255. In considering Petitioner's Motion to Vacate, the court "'need not accept [his] legal conclusions drawn from the facts,' nor need it "'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" Philips v. Pitt County Memorial Hospital, 572 F.3d 176, 179-80 (4th Cir.2009) (quoting Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir. 2006)).

B. Section 2255 Proceedings

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. The Government filed a response contending the Petitioner's Section 2255 motion should be denied. (Doc. No. 8).

Petitioner requests an evidentiary hearing on his claims of ineffective assistance of counsel. (Doc. No. 1 at 13). After having considered the record in this matter, the Court finds that this matter can be resolved without an evidentiary hearing based on the prior court record, and the documents and arguments presented by the parties. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

A. Ineffective Assistance of Counsel

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was

4

prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 668, 687–91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689.

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to his "actual and substantial disadvantage, infecting his trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494 (1986) (quoting United States v. Frady, 456 U.S. 142, 170 (1982)). Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins v. Garrison, 724 F.2d at 1430–31 (4th Cir.1983)). If Petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). Moreover, in considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir.1998). Rather, the Court "can only grant relief under ... Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

B.     Ground One

Petitioner claims that his counsel erred in failing to serve a subpoea *duces tecum* to secure evidence regarding a surveillance camera ("MVR") which was in operation at the time of Petitioner's arrest on March 11, 2004. (Doc. No. 1-1 at 3). Petitioner argues that the MVR would have provided evidence that Petitioner did not talk to the officers at the scene long enough to have made the incriminating statements which were introduced at Petitioner's trial; these statements concerned Petitioner's admission to possession of a gun and drugs. This argument is without merit.

5

As Petitioner acknowledges in his Motion, the MVR's audio component malfunctioned and thus the conversation between Petitioner and law enforcement was never captured. And although the MVR's video component was activated, it did not record video of Petitioner's interaction with Officer Connor, a fact ably explored by defense counsel at the suppression hearing. (Case No. 3:04-cr-248, Doc. No. 71: Transcript of Suppression Hearing at 15-17).

Petitioner's argument is one alleging a conspiracy among law enforcement to destroy the MVR evidence, however there was simply no evidence adduced at the suppression hearing or at trial which supports Petitioner's assertion. In sum, the evidence regarding the nature and extent of Petitioner's incriminating statements was overwhelming, both at the suppression hearing, and during his jury trial. As Petitioner has failed to demonstrate prejudice, this argument is overruled.

    C.    Ground Two

Next, Petitioner argues that his counsel was ineffective for failing to conduct a proper investigation and present evidence regarding the other individual, Mr. Watkins, that was in the car with Petitioner on the night of March 11, 2004. (Doc. No. 1-1 at 6). As Petitioner contends, the investigation may have returned evidence that Watkins was the true owner of the gun and the drugs which were attributed to Petitioner. Petitioner asserts that "there was no other evidence outside of the officers' testimony that was used to convict this Petitioner. The strongest defense that could be used to refute these officers testimony would be the Defendant claiming that the drugs and gun was not his." (Id. at 8).

It is Petitioner's burden to demonstrate he suffered prejudice from his counsel's alleged failure to pursue this line of defense, and he has not done so. First, Petitioner's incriminating admissions to Officer Connor that the gun and drugs which were recovered following the March

11th arrest supplied other evidence of his guilt. Second, Defendant retained the choice to testify on his own behalf to attempt to establish that the gun and drugs were not his. The Court finds this argument is without merit and it is denied.

    D.    <u>Ground Three</u>

In his final argument, Petitioner maintains that his counsel was ineffective for failing to properly investigate Petitioner's competency to stand trial. This argument is likewise without merit. As the Court has already noted, Petitioner's counsel filed a motion for a competency evaluation on February 2, 2006, prior to the suppression hearing and trial. (Case No. 3:04-cr-248, Doc. No. 30: First Motion for Psychiatric Exam). This motion was denied after the Court concluded that it was not supported by sufficient allegations that Petitioner was unable to understand his criminal proceeding. (Case No. 3:04-cr-248, Doc. No. 31). This argument misstates the record and is denied.

## IV.    CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion, (Doc. No. 1), is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: August 6, 2012

Robert J. Conrad, Jr.
Chief United States District Judge